## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHON ANDERSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )          No. 06-CV-2073 CM |
| | ) |
| COMMERCE CONSTRUCTION | ) |
| SERVICES, INC., | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this diversity action against defendant, alleging that plaintiff was severely injured as a direct and proximate result of defendant's negligence. This case is before the court on defendant's Motion for Summary Judgment (Doc. 9). For the following reasons, defendant's motion is granted.

## I.    Uncontroverted Facts

Defendant, a Kansas-domiciled construction company, contracted with Unified School District 385, a Kansas municipality, to remodel Circle High School in Towanda, Kansas. Defendant subcontracted the demolition work required in the general contract to Midwest Environmental, Inc. d/b/a/ Midwest Demolition Company ("Midwest Environmental"), a Nebraska corporation. On March 3, 2004, plaintiff sustained personal injuries at Circle High School while performing demolition work for his employer, Midwest Environmental. Plaintiff was not a Kansas resident at the time of the accident.

At all relevant times, defendant carried general liability insurance coverage with Nationwide

Mutual Insurance Company and workers' compensation coverage in accordance with the laws of

Kansas through the Kansas Builders Association Self-Insurers Fund.  At the time of the accident,

Midwest Environmental carried a policy of workers' compensation insurance in compliance with the

workers' compensation laws of Nebraska with Accuity Mutual Insurance Company ("Accuity").

Midwest Environmental filed a First Report of Alleged Occupational Injury of Illness with the

Nebraska Workers' Compensation Court on or about September 22, 2004.  Accuity, Midwest

Environmental's workers' compensation insurer, has paid workers' compensation benefits to

plaintiff in an amount in excess of $325,000.00.

**II.     Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact: and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

**III.    Discussion**

**A.      Choice of Law**

A district court exercising diversity jurisdiction applies the choice of law rules of the state in

which it is sitting.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  In resolving a

choice of law issue, the court must first determine what type of case is involved.  This is an action

sounding in tort because plaintiff alleges that defendant was negligent and seeks monetary damages.[1]

For claims involving tort law, Kansas follows the rule of *lex loci delicti*, which means the law of the

state where the tort occurred controls.  *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985).

Plaintiff contends that, because this case involves workers' compensation, *Miller v. Dorr*,

262 F. Supp. 2d 1233 (D. Kan. 2003), is controlling and requires this court to apply Nebraska law.

The instant case, however, is distinctly different from *Miller*.  The parties in *Miller* had agreed to a

settlement and asked the court to allocate the portion of the settlement to which the plaintiff's

employer's subrogation lien attached.  262 F. Supp. 2d at 1235.  The court held that, because an

"employer's right to subrogation, if any, is created by statute, the state statute creating the rights

should be applied to determine the rights and liabilities thereunder."  *Id.* at 1239.  The instant case is

about negligence and does not presently involve an employer's subrogation right to monies received

from a settlement or final judgment.[2]  *Miller* does not speak to the issue before this court and,

therefore, is not controlling.

Several district court cases support the application of *lex loci delicti* in this action.  *See Kiser*

*v. Bldg. Erection Servs. Inc.*, 973 F.Supp. 1269, 1272 (D. Kan. 1997) (applying *lex loci delicti* to a

case in which the defendant asserted that the Kansas Workers' Compensation Act precluded the

plaintiff from filing a tort claim against the defendant); *Tatum v. Nat'l Carriers, Inc.*, No. 92-4244-

---

[1] Plaintiff contends that this is an action about workers' compensation subrogation.  At this time, the court decides only the choice of law issues regarding which state's law controls when determining whether defendant can be liable to plaintiff in tort.

[2] An employer's right to subrogation under the Kansas Workers' Compensation Act does not arise "unless and until the injured workman obtains a judgment against a third-party tortfeasor." *Anderson v. Nat'l Carriers, Inc.*, 727 P.2d 899, 902 (Kan. 1986) (interpreting the language—"[i]n the event of recovery"—of K.S.A. § 44-504(b)).  Similarly, Nebraska's workers' compensation statute that addresses an employer's right to subrogation begins, "When a third person is liable to the employee . . . ."  Neb. Rev. Stat. § 48-118.  Therefore, before any issues of subrogation arise, it must be determined whether defendant can be held liable to plaintiff.

RDR, 1994 WL 114011, at *2-3 (D. Kan. Mar. 18, 1994) (discussing Kansas's long-standing application of *lex loci delicti* to tort actions and finding it applicable despite defendant's argument that the court should consider the interests of each state, in part because one state's law did not provide for a subrogation lien for the workers' compensation carrier who had paid benefits to the plaintiff). Furthermore, there is no indication that the Kansas Supreme Court would apply a choice of law provision other than *lex loci delicti* to a tort action solely because defendant has asserted a defense under the exclusive remedy doctrine of the Kansas Workers' Compensation Act. Therefore, the rule of *lex loci delicti* applies. Because the alleged tort and the injuries suffered therefrom occurred in Kansas, the law of Kansas governs.

## B.     Defendant's Motion for Summary Judgment

Defendant asserts that the exclusive remedy provision, K.S.A. § 44-501(b), of the Kansas Workers' Compensation Act, K.S.A. § 44-501 *et seq.*, prevents plaintiff from asserting a negligence claim against defendant. Section 44-501(b) provides in relevant part: "Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act . . . ." This section "precludes workers who can recover under the act from bringing a common law negligence action against an employer or fellow employee." *Kiser*, 973 F.Supp. at 1272 (citing *Zehring v. Wickham*, 658 P.2d 1004, 1006 (Kan. 1983); *McCleskey v. Noble Corp.*, 577 P.2d 830, 833 (Kan. Ct. App. 1978)).

The exclusive remedy provision applies to situations involving subcontracting. K.S.A. § 44-503(a) provides:

> Where any person (in this section referred to as the principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred

to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal.

This section "extends application of the Kansas Workers Compensation Act to certain individuals or entities who are not the immediate employers of the injured workers, but rather are "'statutory employers.'" *Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000) (citing *Bright v. Cargill, Inc.*, 837 P.2d 348, 356 (Kan. 1992)).  The exclusive remedy provision applies to principal contractors even where the principal contractor is not liable for workers' compensation benefits because the subcontractor secured workers' compensation coverage for its employees.  *Id.* at 420.

For the exclusive remedy provision to apply to this action, defendant must have been plaintiff's statutory employer at the time of the accident and plaintiff must have been eligible to recover compensation under the Kansas Workers' Compensation Act for his related injuries.

**1.      Defendant Was Plaintiff's Statutory Employer**

Under § 44-503(a), a principal is liable to a subcontractor's employee as the statutory employer "if the principal undertakes to do work which (1) is a part of the principal's trade or business, or (2) the principal has contracted to do for a third party.'" *Wheeler v. Rolling Door Co.*, 109 P.3d 1255, 1259 (Kan. Ct. App. 2005); *see also* Kan. Bar Ass'n, *Kansas Workers Compensation* § 4.10 (Tom Hammond et al. eds., 4th ed. 2000) (discussing application of § 44-503(a) by Kansas courts).  The instant case falls under the second category.  The parties stipulated that defendant entered into a construction contract with Unified School District 375 as the general contractor, that the general contract agreement called for demolition work, and that the demolition work required by the general contract was subcontracted from defendant to plaintiff's employer, Midwest Environmental.  Based on these uncontroverted facts, the court finds that defendant was plaintiff's

statutory employer.

**2.      Plaintiff Could Have Recovered Under the Kansas Worker's Compensation Act**

An employer is liable to compensate an employee under the Kansas Workers' Compensation Act if the employee sustains personal injury arising out of and in the course of any employment to which the Workers' Compensation Act applies.  K.S.A. § 44-501(a).  With limited exceptions, none of which apply in this case, the Kansas Workers' Compensation Act applies "to all employments wherein employers employ employees" within Kansas.  K.S.A. § 44-505(a).  The Kansas Workers' Compensation Act covers injuries sustained within the state even if the employment contract was entered into outside the state and even if the claimant is employed within the state for a short time.[3] *Kansas Workers Compensation* § 2.09; *see Coble v. Williams*, 282 P.2d 425, 429-430 (Kan. 1955) (applying the Kansas Workers' Compensation Act to a case in which the claimant was injured while working in Kansas despite the following: (1) the claimant resided in Oklahoma, (2) the employer's principal place of business was Missouri, and (3) the employment contract was entered into in Missouri).  The parties have stipulated that plaintiff's personal injuries were sustained on the job site while performing work for Midwest Environmental and, specifically, that the site of the injury-causing accident was Room 104 of Circle High School in Towanda, Kansas.  Furthermore, plaintiff's injuries resulted from his being crushed by a wall that fell during the demolition work he was performing for Midwest Environmental.  This injury arose out of his employment because it was a risk associated with the work place and was not a risk common to the public at large.  *See Kansas Workers Compensation* § 3.12 (discussing "arising out of" and "in the course of" employment).  Because plaintiff's injuries occurred in Kansas while he was performing work for his

---

[3]  The one exception to this rule is for business or employment so engaged in interstate commerce that it is not subject to the legislative powers of the state.  *Coble*, 282 P.2d at 430; K.S.A. § 44-506.  This case does not fall within this exception.

employer,[4] and because plaintiff's injuries arose out of the employment, the court finds that plaintiff could have recovered under the Kansas Workers' Compensation Act.

For these reasons, the court finds that the exclusive remedy provision of the Kansas Workers' Compensation Act bars plaintiff from bringing this negligence action against defendant.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 9) is granted.

Dated this 10th day of April 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

---

[4] The parties' stipulation that plaintiff was injured while performing work for Midwest Environmental satisfies the "in the course of employment" requirement of § 44-501(a).